IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRIAN EVANS, | ) | CIVIL NO. 13-00268 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING FIRST |
| | ) | AMENDED COMPLAINT, DENYING |
| vs. | ) | PLAINTIFF'S APPLICATION TO |
| | ) | PROCEED WITHOUT PREPAYING |
| THE GOVERNOR OF | ) | FEES OR COSTS AS MOOT, AND |
| MASSACHUSETTS, ET AL., | ) | DENYING PLAINTIFF'S MOTION |
| | ) | FOR RECONSIDERATION |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING FIRST AMENDED COMPLAINT, DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT, AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On July 1, 2013, Plaintiff Brian Evans filed a Motion for Reconsideration of this court's Order Dismissing Complaint and Denying Plaintiff's Application to Proceed without Prepaying Fees or Costs as Moot ("Order"). ECF No. 13. On July 3, 2013, Evans filed his First Amended Complaint along with his Application to Proceed In Forma Pauperis ("IFP").[1]

In his Motion for Reconsideration, Evans complains that the court has allowed certain of Evans cases to proceed despite the fact that Evans has consistently failed to follow Rule 10(b) of the Federal Rules of Civil Procedure, which requires a

---

[1] The court also acknowledges receipt of Evans's Reply to this court's Order Denying Plaintiff's Motion to Appoint Counsel, entered on June 25, 2013. ECF No. 12. The court clarifies that its language regarding the need to determine that this case warrants effort by the court before appointing counsel was specific to the need to determine whether the case had legal merit; the court was not speaking about the magnitude of Evans's personal loss.

complaint to state claims in numbered paragraphs.  Evans appears to argue that his failure to state his claims in numbered paragraphs was the reason for this court's Order dismissing his Complaint.  Mot. for Recon. at 2.  Evans asks that this court therefore "allow the case to proceed" but indicates that he will nonetheless file an Amended Complaint.  Id.

This court's Order was not premised on Evans's failure to comply with Rule 10(b) of the Federal Rules of Civil Procedure.  Although this court raised this stylistic issue in its Order, the court's purpose in doing so was to have Evans comply with this rule in any future filings.  Evans's failure to properly number the paragraphs in his Complaint was not the reason animating this court's Order.  Rather, the court's Order was premised on the serious substantive problems with Evans's Complaint, such as his failure to properly assert jurisdiction and his failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  The court therefore denies Evans's Motion for Reconsideration.

With regard to Evans's First Amended Complaint and his IFP, Evans's First Amended Complaint has cured the jurisdictional defects that were at issue in his Complaint, but Evans still fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  The court therefore dismisses Evans's First Amended Complaint and denies his IFP application as moot.

2

The court reminds Evans that, in this court's Order, this court clearly told Evans that any First Amended Complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In addition, as the court stated in its Order, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. To state a plausible claim, the complaint must, at a minimum, "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The court also explained to Evans in its Order that Rule 10(b) requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Id.

Evans's First Amended Complaint asserts public fraud, conspiracy, failure to prosecute, corruption, and intentional

infliction of emotional distress.  However, Evans has still has not included factual allegations going to the claims.  The bases for his claims remain unclear.  Even construing Evans's First Amended Complaint liberally, Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003), the court cannot identify any plausible ground for any of Evans's claims.  See Iqbal, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

This court offers Evans one final opportunity to remedy these deficiencies.  Any Second Amended Complaint must cure these deficiencies by stating a claim upon which relief may be granted.  Failure to do so will result in the dismissal of the action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 10, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Evans v. The Governor of Massachusetts, et al.; Civil No. 13-00268 SOM/BMK; ORDER DISMISSING FIRST AMENDED COMPLAINT, DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT, AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION