IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

Original

BRIAN EVANS, PLAINTIFF, PRO SE

v.

The Governor of Massachusetts, Deval Patrick, in his individual and official capacity,

State House

Boston, Massachusetts,

                          Defendant

City of Methuen

41 Pleasant Street

Methuen, Massachusetts 01844,

                          Defendant

Methuen Police Department

90 Hampshire Street

Methuen, Massachusetts,

**CASE NUMBER 13-00268-SOM-BMK**

**PLAINTIFFS SECOND AMENDED COMPLAINT**

                          Defendant

Martha Coakley, Individually and in her official capacity as Attorney General of Massachusetts

One Ashburton Place

Boston, MA 02108-1518,

                          Defendant

Jonathan Blodgett, in his individual and official capacity as Essex County District Attorney

Searles Building, Room 308

1

Methuen, MA 01844,

Defendant

The Massachusetts Department of Health

250 Washington Street

Boston, MA 02108,

Defendant

John Dawley, in his individual and official capacity as Essex County District Attorney

Searles Building, Room 308

Methuen, MA 01844,

Defendant

**COMPLAINT FOR CORRUPTION, FRAUD, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**JURY TRIAL DEMANDED**

**Plaintiff, Pro Se, for his complaint against Defendants allegeL**

**JURISDICTION AND VENUE**

1. This Honorable Court has subject jurisdiction over this matter under Diversity Jurisdiction, 28 USC 1332 as the matter is between parties from different states and exceeds $75,000 in it's claims.

2. Venue is proper given Plaintiff is the only son of the alleged victim in this case, and is now the Administrator of her Estate, but is now suing in his individual capacity only.

3. Plaintiff is a resident and full time citizen of the state of Hawaii.

4. The United States Supreme Court determined in Erie Railroad v, Tompkins (1938 that the law applied in a diversity case would be the law of whatever state in which the action is filed.

5. In Leblanc v. Cleveland, 248 F. 3d 95 (2nd Cir. 1999) it is stated that Diversity is determined at th time that the action is filed, and on the basis of the residency of the parties at that time. A change in domicile by a party before or after that date is irrelevant,

6. Under Article III of the Constitution, federal ciourts can hear "all cases ub kaw and equity arising under this Constitution and laws of the United States.

7. To prevent bias, Diversity Jurisdiction was created on the basis that claims can be heard in the federal court so as to not permit unfair biased when defendants, such as the defendants in this case, control or dominate the state for which they are being sued, especially if they have enormous influence in that state (Guar Trust Co. v. York, 326 U.S. 99, 111 (1945).

## PARTIES

8. BRIAN EVANS, Plaintiff (Pro Se) a resident and citizen of Hawaii

9. Governor Deval Patrick, a resident and citizen of Boston, Massachusetts (Officially in his capacity as Governor of Massachusetts and under the Stripping Doctrine as an individual)

10. Martha Coakley, a resident and citizen of Boston, Massachusetts (Officially as Attorney General of Massachusetts and under the Stripping Doctrine as an individual)

11. Jonathan Blodgett, a citizen and resident of Massachusetts (Officially as Essex County District Attorney and under the Stripping Doctrine as an individual)

12. Methuen Police Department, Operating and doing business in Methuen, Massachusetts

13. City of Methuen, Massachusetts, Operating and doing business in Methuen, Massachusetts)

14. John Dawley, a resident and citizen in Massachusetts (Officially in his capacity as Essex County District Attorney and in his individual capacity under the Stripping Doctrine)

15. Essex County District Attorney Office, Operating and doing business in Methuen, Massachusetts)

## COUNT 1

## CORRUPTION

16. Plaintiff incorporates herein by this reference each and ever allegation contained in each paragraph above.

17. Plaintiff, among information and belief (which will be further proven through discovery), alleges that all Defendants colluded to prevent a full investigation into the death of his mother, Helen Marie Bousquet, due to financial gifts, election contributions, favors, and appointments by the Defendants in this case. The acceptance of hundreds of thousands of dollars superceded the interest in investigating the death of Plaintiffs mother, who choked to death in an unmonitored recovery room at The Holy Family Hospital despite the hospital knowing she had a condition known as sleep apnea before she even walked into the hospital.

18. Weeks after the Plaintiff complained to the Governor, who ignored the Plaintiff, the Governor then appointed a hospital executive, the same hospital organization to head the Massachusetts Department of Health.

19. Plaintiff filed a complaint to the Attorney General, who refused to investigate the case, but

accepted tens of thousands of dollars at the home of the hospital CEO in a private election fundraiser.

20. Plaintiff filed a police report alleging death by negligence, which the City of Methuen and the Methuen Police refused to investigate.

21. Plaintiff filed a complaint with Essex County District Attorney Jonathan Blodgett and John Dawley, who refused to investigate, despite assertions to the Plaintiff that they would await a DPH investigation, an investigation that did not include one single interview with a witness who visited Plaintiff's mother either in her recovery room or ICU, where doctors and nurses told us she was not a candidate to be in an unmonitored recovery room, but then denied stating that to Plaintiff or Plaintiff's family. The lack of such interviews of family and friends resulted in an investigation that only took the word of interviewed doctors and nurses, and the failure to conduct a single interview with those of us who could have presented conflicted accounts of what we were told in the recovery room and ICU deprived tjhe Essex County District Attorney from ever being able to investigate the criminal elements of the crimes alleged in our police report. In short, the Essex County District Attorney and co-defendants named herein in their official and individual capacity had no intention of investigating this alleged crime, not did the City of Methuen or the Methuen Police Department.

## COUNT TWO

### FRAUD

21. As the Defendants chose money, contributions, and favors (all of which is public information) rather than investigate my mother's untimely death, they have all commited

Fraud. They chose money over the public interest in getting to the bottom of what happened to my mother.

COUNT THREE

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. With the Defendants promises to investigate my police report, all the while knowing the Massachusetts Department of Health was only interviewing employees of the hospital and not friends or family who could conflict with statements those doctors and nurses told us, it was clearly meant to mislead me.

23. This has caused me great unimaginabe grief, I am seeing a Harvard Professor up to three times a week since the week this happened (now via Skype as I am in Hawaii), and have been medicated just to get through it. I have contemplated suicide, but for were it not wanting these Defendants to get away with what they did, I've refrained with the help of my grief therapist. I cannot eat, have lost more than 30 pounds, can't eat, and most nights cry myself to sleep as I walk around, when awake, as a zombie. My mother was not part of my family, she was my entire family. I am lost without her, have not performed a single concert since this happened, and do not know if I will ever sing again despite being in contention for several Grammy Awards this year for a video my mother co-produced.

24. The lies and games that these Defendants have played (including putting seven causes of death on her death certificate despite there not even having been an autopsy allowed, something the funeral home has never seen in their career), has been more than I can bear.

WHEREFORE, Plaintiff prays the judgment against the Defendants as follows:

1. For an injunction providing:

That the court order a full investigation into the death of Helen Marie Bousquet by The Massachusetts Department of Health that includes interviewing all witnesses who were told one thing by doctors and nurses in the recovery room and ICU, but who then told the DPH something completely different, if the court has this right, but if not, for:

2. For statutory damages for each infringement in the amount of $100 million dollars.

3. That punitive damages be awarded, if permitted by this Honorable Court

4. For Plaintiff's costs outside of this courts gracious award of permitting him to proceed without payment of fee's for filing and pursuing this case.

5. For such other and further relief as the Court may deem just and proper.

Please note that no Defendant has filed an appearance in this case, and therefore service is not required on any defendant named at this time.

Respectfully Submitted:

BRIAN EVANS

July 11th, 2013