IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| BRIAN EVANS,<br><br>    Plaintiff,<br><br>    vs.<br><br>DEVAL PATRICK, Governor, State of Massachusetts, in his individual and official capacity, ET AL.<br><br>    Defendants. | CIVIL NO. 13-00268 SOM/BMK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL

### INTRODUCTION

Before the Court is Plaintiff pro se Brian Evans' ("Plaintiff") Notice to the Court & Notice of Plaintiff's Intent to File Complaint of Judicial Misconduct and Motion for Your Honor to Recuse Herself From All Cases Filed By the Plaintiff As a Result of This Filing to Prevent Bias ("Motion for Recusal") in Civil No. 13-268 SOM-BMK, requesting that Chief United States District Judge Susan Oki Mollway recuse herself from any case involving him.  The Motion for Recusal was referred to this Court on July 31, 2013.  Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After careful consideration of the

1

Motion for Recusal, supporting memorandum and exhibits, and the relevant legal authority, Plaintiff's Motion for Recusal is hereby DENIED.

## BACKGROUND

Between May 2013 and July 2013, Plaintiff filed numerous overlapping complaints in this district court, including the following civil actions: *Evans v. The Boston Red Sox, et al.*, Civ. No. 13-262 SOM-BMK; *Evans v. Cerberus Capital Management, L.P., et al.*, Civ. No. 13-267 SOM-BMK; *Evans v. Patrick, et al.*, Civ. No. 13-268 SOM-BMK; *Evans v. Leap Frog Group, et al.*, Civ. No. 13-269 SOM-BMK; *Evans v. Massachusetts Nurses Assoc., et al.*, Civ. No. 13-272 SOM-BMK; *Evans v. Town of Hampton, New Hampshire, et al.*, Civ. No. 13-315 SOM-BMK; and *Evans v. Paragon Properties, LLC, et al.*, Civ. No. 13-355 SOM-BMK.  Plaintiff filed Applications to Proceed Without Prepayment of Fees in all seven of these cases.  Chief Judge Mollway denied Plaintiff's Applications as moot and dismissed the complaints in Civ. No. 13-268 SOM-BMK, Civ. No. 13-269 SOM-BMK, Civ. No. 13-272 SOM-BMK, Civ. No. 13-315 SOM-BMK, and Civ. No. 13-355 SOM-BMK, but granted the Applications in Civ. No. 13-262 SOM-BMK and Civ. No. 13-267 SOM-BMK.

Plaintiff has also filed Notices of Appeal to the Ninth Circuit in Civ. No. 13-262, Civ. No. 13-268, Civ. No. 13-272, and Civ. No. 13-315.  On

September 11, 2013, in Civ. No. 13-268, the Ninth Circuit entered an order denying Plaintiff/Appellant's motion to proceed *in forma pauperis*, finding that his appeal is frivolous. In that case, Plaintiff appealed the district court's order dismissing his Second Amended Complaint, after the district court had granted him three opportunities to state a claim upon which relief can be granted. The Ninth Circuit's order states that: "Because the court has found that this appeal is frivolous, the district court judgment may be summarily affirmed even if appellant pays the fees." *Evans v. Patrick, et al.*, No. 13-16553, slip op. at 2 (9th Cir. Sept. 11, 2013).

> Plaintiff's Motion for Recusal states:
>
> Plaintiff also herein notifies Your Honor that I will be filing a Complaint against Your Honor under 28 USC 351-364 and 248 FRD 674 (2008) and you should recuse yourself from all of my cases given my Notice to you of this formal complaint may taint your rulings in all of my cases. . . . This Court is denying me my right to due process.

Motion for Recusal at 2. Attached to the Motion for Recusal is a copy of Plaintiff's Complaint of Judicial Misconduct or Disability, dated July 27, 2013, which argues that Chief Judge Mollway improperly handled various matters in Plaintiff's seven cases before her. Plaintiff asserts that:

> this judge argues for the Defendants in her orders before the Defendants have even been served, before any discovery has occurred which would contradict her erroneous and unfounded

3

> statements, and actually contradicts herself in her very own orders[.]
> . . . .
> Secondly, she is arguing cases and dismissing various cases (these cases are over the death of my mother, see exhibit E) without me being able to conduct the very discovery that would contradict, and indeed prove wrong, her own independent conclusions before the case has even been served.

Motion for Recusal, Ex. A (Complaint of Judicial Misconduct).

On August 6, 2013, Plaintiff filed a document entitled Reply to Judge Derrick [Watson's] Emergency Order Dated August 2, 2013, in which he acknowledges that his filing of the Complaint of Judicial Misconduct "is not cause for recusal." Pl.'s Reply at 2. He states that:

> My point is, she is taking an active role in causing me retribution by staying my other cases, which she's being able to preside all over all of them (even though there is one case that has nothing to do with the others and was not randomly assigned), and frankly, she shouldn't be recused because of my Complaint, as I've since learned isn't cause for recusal, but the intentional bias she has because I dared file a complaint, has total control over all my cases, contradicts her own orders, seeks changes that are never enough (and then become "not short enough statements" when she's expecting me to describe everything, and all of my discovery, in my initial pleadings. It's not right, it's not fair, and it is her acting as defense counsel despite any discovery or argument that I could make as the case would proceed. These are the reasons she needs to be accused, among other reasons cited in my Motion.

*Id*.

## **DISCUSSION**

Plaintiff is proceeding pro se, therefore, the Court liberally construes his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). Although Plaintiff does not specify the authority under which he seeks Chief Judge Mollway's recusal, the Court liberally construes the Motion as brought pursuant to both 28 U.S.C. §§ 144 and 455.

> As provided in 28 U.S.C. § 144:
>
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455 similarly provides, in pertinent part:

5

>> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party[.]

"Under both recusal statutes, the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citations, quotations, and alterations omitted). The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (citations omitted). "The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* at 913 (quotations omitted).

Here, Plaintiff argues that the judge is biased against him, as evidenced by her rulings. As noted above, a judge should disqualify him or herself in any proceeding in which his or her impartiality might reasonably be questioned. On the

other hand, "[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis." *Beverly Hills Bancorp v. Hine*, 752 F.2d 1334, 1341 (9th Cir. 1984) (citing *Botts v. United States*, 413 F.2d 41, 44 (9th Cir. 1969); *In re Int'l Bus. Machs. Corp.*, 618 F.2d 923, 929-30 (2d Cir. 1980)); *see also Leslie v. Grupo ICA*, 195 F.3d 1152, 1160 (9th Cir. 1999) ("[The plaintiff's] allegations stem entirely from the district court judge's adverse rulings.   That is not an adequate basis for recusal.").

      The Court has reviewed the orders entered by the judge in all seven of Plaintiff's cases and finds no basis for Plaintiff's claim that they evidence bias or impartiality.   The Court first notes that Chief Judge Mollway's orders denying Plaintiff's Applications to Proceed Without Prepayment of Fees are permitted by statute.   *See* 28 U.S.C. § 1915(e) (directing the court to subject every *in forma pauperis* proceeding to mandatory screening and to order the dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."). Second, Chief Judge Mollway did, in fact, grant two of Plaintiff's *in forma pauperis* applications, regularly permitted Plaintiff leave to amend his complaints, or ruled

"without prejudice" to his reassertion of various other motions, including those seeking the appointment of counsel.

Beyond his complaints regarding receipt of adverse rulings in his various cases, Plaintiff does not identify any other conduct demonstrating bias. Generally, the alleged bias or prejudice must stem from an extrajudicial source. *United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997).   The Supreme Court has explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.   In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source. . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.   Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.   They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994).   Further, "'expressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration."   *Pesnell*, 543 F.3d at 1044 (quoting *Liteky*, 510 U.S. at 555-56).

8

Plaintiff simply fails to meet these standards here.  He points to no personal bias stemming from an extrajudicial source, evidences no "deep-seated favoritism or antagonism," and otherwise fails to show bias based on Chief Judge Mollway's rulings in his various cases.

Nor is the fact that Plaintiff filed a Complaint of Judicial Misconduct grounds for the judge's recusal.  *See, e.g., In re Evergreen Securities, Ltd.*, 570 F.3d 1257, 1265 (11th Cir. 2009) ("The mere filing of a complaint of judicial misconduct is not grounds for recusal."); *Owen v. Cnty. of Imperial*, 2010 WL 1222064 (S.D. Cal. Mar. 25, 2010) (denying motion for recusal in which judicial misconduct complaint was the basis for the recusal motion); *Caligiuri v. Wells Fargo Bank, N.A.*, 2007 WL 3128501, at *2 (D. Or. Oct. 24, 2007) ("Unsustained complaints of misconduct do not prove anything, and mere speculation cannot support a motion to recuse."); *see also United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks." (citation and quotation marks omitted)).

In sum, Plaintiff's Motion for Recusal is unfounded.  None of the conduct alleged persuades this Court that Chief Judge Mollway has taken any action

that might reasonably call into question her impartiality. Accordingly, the Motion for Recusal is DENIED.

## CONCLUSION

On the basis of the foregoing, the Court DENIES Plaintiff's Motion for Recusal.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAI'I, September 12, 2013.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

Brian Evans v. Deval Patrick, Governor, ET AL; Civil No. 13-00268 SOM/BMK; ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL